IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



PATRICK M. PARKS,
et al.,

    Plaintiffs,

v.                            Civil Action No. 3:19-cv-352

NEWMAR CORPORATION,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on DEFENDANT NEWMAR CORPORATION'S MOTION TO TRANSFER VENUE TO THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION (ECF No. 3) (the "Motion to Transfer"). Having reviewed the Motion to Transfer, the supporting, opposing, and reply briefs, as well as the testimony presented at the November 19, 2019 evidentiary hearing, the Court will grant the Motion to Transfer, and the case will be transferred to the United States District Court for the North District of Indiana, South Bend Division.

## BACKGROUND

Patrick and Kim Parks (the "Parks") bring this action against Newmar Corporation ("Newmar"), the manufacturer of the 2018 Newmar Baystar motorhome (the "motorhome") that the Parks purchased in 2017. See Notice of Removal, Ex. A (ECF No. 1-2).¹ In their state

---

¹ The Parks originally brought this action in the Circuit Court for Hanover County (Va.) and Newmar filed its NOTICE OF REMOVAL (ECF No. 1) on May 10, 2019. The NOTICE OF REMOVAL (ECF No. 1) asserts that removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because the parties are citizens of different states (the

court complaint, the Parks alleged that they purchased the new Newmar motorhome from a dealer in Virginia in December 2017. See ECF No. 1-2 at 2-3; ECF No. 1-3. The motorhome came with a one-year factory warranty (from Newmar) that covered, inter alia, "any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship." ECF No. 1-2 at 2. Shortly after the purchase, the Parks allege, they noticed various defects in the motorhome, and returned it for service on at least three occasions. See id. at 2-3. Repairing these various defects has caused the motorhome to be out-of-service for at least forty-five days. See id. at 3. And, the Parks allege that, notwithstanding these repairs, the motorhome has never been brought into conformity with Newmar's warranty and is so unsafe that it cannot be driven (i.e., it is not useful or fit for its intended purpose and not of merchantable quality).[2] Id.

Because of the uncorrected defects in the motorhome, the Parks brought this action against Newmar for breach of factory warranty

---

Parks are citizens of Virginia and Newmar is a citizen of Indiana) and the amount in controversy exceeds $75,000. The Parks have raised no challenge to the propriety of removal.

[2] As set forth in more detail below, Newmar's warranty states, in part: "Purchaser and dealer further agree the courts (state or federal) located in the State of Indiana have exclusive jurisdiction to resolve any dispute based on this warranty, any implied warranty, or any alleged warranty breach, as well as any claim or cause filed in conjunction with a breach of warranty claim." ECF No. 1-4 at 2.

2

(COUNT I) and breach of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. (COUNT II). ECF No. 1-2 at 4-5. In the prayer for relief, the Parks seek, inter alia, "a refund of the purchase price of Subject Vehicle."[3] Id. at 6.

## DISCUSSION

### I. LEGAL FRAMEWORK FOR TRANSFER UNDER 28 U.S.C. § 1404(a)

28 U.S.C. § 1404(a), which permits the transfer of civil actions, provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

To determine whether a § 1404(a) transfer of venue is appropriate, "a district court must make two inquiries: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003); see also Seaman v. IAC/InterActiveCorp, Inc., No. 3:18-cv-401, 2019 WL

---

[3] The purchase price of the motorhome was approximately $122,000 (the Parks paid approximately $130,000 after various other costs). See ECF No. 1-3 at 2.
During the November 15, 2019 evidentiary hearing, the Court suggested that Newmar take steps to address the Plaintiffs' complaints. Newmar advises that it has done so. See ECF No. 21.

3

1474392, *3-4 (E.D. Va. Apr. 3, 2019) (citing Trs. of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015)).

In the absence of a forum-selection clause, the analysis of a § 1404(a) motion to transfer is straightforward, requiring the application of a factor test. However, the calculus changes when a forum-selection clause, such as the one at issue here, is present. The Supreme Court has held that, when there is a contractually valid forum-selection clause, "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W.D. of Tex., et. al., 571 U.S. 49, 62 (2013). In other words, when a valid forum-selection clause exists, a district court should ordinarily transfer the case to the forum specified in that clause except "under extraordinary circumstances unrelated to the convenience of the parties." Id. The plaintiff's choice of forum and the private interests of the parties are irrelevant. Instead, the Court only considers the public interests concerning transfer.

## II. ANALYSIS

The forum-selection clause contained in the Warranty at issue in this case states:

> Purchaser and dealer further agree the courts

> (state or federal) located in the State of Indiana have exclusive jurisdiction to resolve any dispute based on this warranty, any implied warranty, or any alleged warranty breach, as well as any claim or cause filed in conjunction with a breach of warranty claim.

ECF No. 1-4 at 2. This is an exclusive forum-selection clause provision, requiring that disputes be litigated in the State of Indiana.

### A. Validity of the Forum Selection Clause

As the Supreme Court has explained: "[w]hen the parties have agreed to a <u>valid</u> forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." <u>Atl. Marine</u>, 571 U.S. at 62 (emphasis added). As explained in the October 18, 2019 Memorandum Opinion (ECF No. 15), the Fourth Circuit has held that, in determining whether a forum-selection clause is valid, the analysis is made under federal law, not state law. <u>See Albemarle Corp. v. AstraZeneca UK Ltd</u>, 628 F.3d 643, 650 (4th Cir. 2010) ("[W]e thus conclude that a federal court interpreting a forum selection clause must apply federal law in doing so."). And, it is settled that forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10 (1972) (emphasis added). The party challenging enforcement of

the forum-selection clause must make a "strong showing" and has a "heavy burden of proof." Id. at 15, 17.

Interpreting M/S Bremen, the Fourth Circuit has held that to determine whether a forum-selection clause is unreasonable, courts should consider whether:

> (1)[the clause's] formation was induced by fraud or over-reaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) [the clause's] enforcement would contravene a strong public policy of the forum state.

Albemarle Corp., 628 F.3d at 651 (quoting Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996)); WCC Cable, Inc v. G4s Tech. LLC, No. 5:17-cv-52, 2017 WL 6503142, at *6 (citing Allen, 94 F.3d at 928); Garrett, No. 3:08-cv-792, 2009 WL 936297, at *2-3 (same).

The Plaintiffs do not specifically address Albermarle or the four factors set forth therein in their brief. Instead, they argue that the forum selection clause should be disregarded as invalid because: (1) the forum-selection clause contravenes the public policy of Virginia (Albermarle Factor (1));[4] and (2) the forum-

---

[4] The Plaintiffs' first argument (that the enforcement of the clause contravenes a strong public policy of Virginia) was addressed and rejected in the Memorandum Opinion issued on October 18, 2019. ECF No. 15 at 7.

selection clause is unfair and unreasonable. Affording the second rationale a liberal construction, the Plaintiffs appear to be arguing for application of <u>Albermarle</u> factors (2) and parts of (3).[5]

On November 15, 2019, the Court held an evidentiary hearing on the Defendant's Motion to Transfer in which the Plaintiffs were afforded the opportunity to show "whether Albermarle Factors (2) or (3) apply to the end that the forum selection clause does not apply." ECF No. 16.

At the hearing, the Parks presented their evidence in support of their argument that the forum-selection clause is "unreasonable and unfairly forces the Plaintiffs, their witness and experts, to travel just under 1,400 miles round-trip, at great personal expense and inconvenience." Plaintiff Patrick Parks was called as a witness. Parks testified that he works in Virginia and would have to take time off of work if the case were transferred to a District Court in Indiana. He stated that, in order to take time off of his job, he has to make arrangements six to eight weeks in advance.

---

[5] The Plaintiffs' argument that the forum selection clause is the result of unequal bargaining power," ECF No. 5 at 3, appears to be foreclosed by <u>Carnival Cruise Lines v. Shute</u>, which upheld a forum selection clause between a cruise ship operator and a passenger, notwithstanding the unequal bargaining position between the two parties. 499 U.S. 585, 590-95; <u>Garrett v. Gulf Stream Coach, Inc.</u>, No. 3:08-cv-792, 2009 WL 936297, at *4 (E.D. Va. Apr. 7, 2009). That argument needs no further discussion.

7

In addition, he stated that he purchased the motorhome at issue in Virginia, and that the motorhome would have to be towed to Indiana to litigate this case there. Parks also testified that it would be a financial burden on him and his family to litigate the case in Indiana because he would have to pay to travel to Indiana while taking additional time off work to travel.

Although Parks' testimony demonstrates that it would be inconvenient and likely more expensive to litigate the claim in Indiana rather than in Virginia, the record does not show that litigating the claim in Indiana would cause "grave inconvenience" or that the specified forum is unfair in any way. Rather, the inconvenience Parks testified to is of the sort that is normally associated with litigating a claim. In addition, Newmar has offered to bring the motorhome to its headquarters in Indiana to address the issues that fall under the warranty, alleviating that particular expense for the Plaintiffs. ECF No. 21. at 2. Because the Plaintiffs have not shown that the forum-selection clause will effectively deprive them of their day in court, or that the forum-selection clause is so unfair as to deprive them of a remedy, the clause is valid and will apply.

### B. Transfer of the Case

Where, as here, there is a valid forum-selection clause, the district court should "ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances

unrelated to the convenience of the parties should a § 1404 motion be denied." Atl. Marine Const. Co., 571 U.S. at 581. No such exceptional factors appear to be present in this case.

As the parties attempting to defy the forum-selection clause, the Plaintiffs bear the burden of establishing that transfer to the forum in the forum-selection clause is unwarranted. Id. They have not met their burden.

## CONCLUSION

For the foregoing reasons, the DEFENDANT NEWMAR CORPORATION'S MOTION TO TRANSFER VENUE TO THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION (ECF No. 3) will be granted.[6]

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 19, 2020

---

[6] In today's world, out-of-state manufacturers sell their products in virtually every state. For most manufacturers, litigating product claims away from their home state presents no significant burden. And, the reality also is that no individual consumer really has the power to strike a forum selection clause in the manufacturer's form contract. The choice is to take the clause or to not buy the product. Unfortunately, the law has not caught up with reality. But, it is the task of Congress and the state legislators to rectify the imbalance between manufacturers and consumers.

9